IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PAUL HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | No. CIV-16-1238-R |
| v. | ) | |
| | ) | |
| STATE OF OKLAHOMA, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

Plaintiff, a state pretrial detainee appearing *pro se* and *in forma pauperis*, has filed this action on the form for a 42 U.S.C. § 1983 civil rights action  The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B).  For the following reasons, it is recommended that the action be construed as one seeking habeas relief under 28 U.S.C. § 2241 and, so construed, dismissed without prejudice.

Although Plaintiff's action has been filed on the form for a 42 U.S.C. § 1983 action, the only Defendant named in Plaintiff's initial pleading filed October 27, 2016, is the State of Oklahoma, and Plaintiff's sole request for relief is his "release" from confinement. Because the action seeks only Plaintiff's release from confinement, the action should be construed as one seeking habeas relief pursuant to 28 U.S.C. § 2241.  See Boutwell v. Keating, 399 F.3d 1203, 1209 (10th Cir. 2005)("A prisoner may use § 1983 to challenge the conditions of his confinement, but habeas corpus is the only avenue for a challenge to the *fact*

1

or *duration* of confinement, at least when the remedy requested would result in the prisoner's immediate or speedier release from that confinement."); see also McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997)("A habeas corpus proceeding 'attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. In contrast, a civil rights action ... attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions.'" (quoting Rhodes v. Hannigan, 12 F.3d 989, 991 (10th Cir. 1993)(citation omitted))).

Construing the action as one seeking habeas relief under 28 U.S.C. § 2241, the initial pleading has been preliminarily reviewed pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.[1]

In his initial pleading, Plaintiff alleges he is being "held without just cause" and "need[s] the higher court[']s authority to have the lower district release me." As an attachment to the Complaint, Plaintiff submits a prescription record of his prescription medications obtained in August 2016 from a pharmacy in New York City, New York. In his Application for Leave to Proceed In Forma Pauperis, Plaintiff states that the nature of this action is "the dismissal of possesion [sic] of C.D.S. by proving to medication is mine [sic]." See Application (Doc. # 6), at 1. The envelope in which the Complaint was mailed to this Court bears the return address of the Cleveland County Detention Center located in Norman,

---

[1] Rule 4 is applied in the discretion of the undersigned to the action construed as a 28 U.S.C. § 2241 habeas action. Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

Oklahoma. It is apparent from this record that Plaintiff is confined in the Cleveland County Detention Center for the purpose of securing his presence in a state prosecution on one or more pending criminal charges.

It has long been the policy of federal courts to avoid interference with pending state criminal prosecutions, except in narrow circumstances where irreparable harm is demonstrated. Younger v. Harris, 401 U.S. 37 (1971). The Younger doctrine is based "on notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems." Phelps v. Hamilton, 122 F.3d 885, 889 (10th Cir. 1997).

Under the doctrine established in Younger, abstention is appropriate whenever there exists (1) ongoing state judicial proceedings, (2) which implicate important state interests, and (3) the state proceedings offer an adequate opportunity to litigate federal claims. Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Winnebago Tribe of Neb. v. Stovall, 341 F.3d 1202, 1204 (10th Cir. 2003). Once these three conditions are met, Younger abstention is not discretionary, absent extraordinary circumstances that render a state court unable to provide the litigant a full and fair hearing on federal claims. Crown Point I, LLC v. Intermountain Rural Elec. Ass'n, 319 F.3d 1211, 1215 (10th Cir. 2003); Seneca-Cayuga Tribe of Oklahoma v. State of Oklahoma ex rel. Thompson, 874 F.2d 709, 711 (10th Cir. 1989).

In this case, there are ongoing state proceedings concerning criminal charge(s) filed against Plaintiff. Plaintiff has asserted his innocence, and Plaintiff has an adequate forum

3

in the state judicial proceedings to litigate his innocence or any other federal claims. Moreover, should he be convicted in the state judicial proceedings, Plaintiff may assert his federal claims in a direct appeal. See Okla. Stat. tit. 22, §1051. Additionally, Oklahoma has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts. Thus, all three conditions are met, and abstention is appropriate unless an exception applies.

An exception to Younger's mandatory abstention rule exists "in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown." Perez v. Ledema, 401 U.S. 82, 85 (1971). "It is the plaintiff's 'heavy burden' to overcome the bar of Younger abstention by setting forth more than mere allegations of bad faith or harassment." Id. at 889 (quoting Phelps, 59 F.3d at 1066). Plaintiff has not shown any bad faith or "extraordinary circumstances" that would remove the case from the application of Younger's abstention rule. Therefore, the action should be dismissed without prejudice.[2]

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's cause of action be DISMISSED without prejudice on the basis of Younger abstention. Plaintiff is advised of

---

[2] A dismissal based on Younger abstention is jurisdictional. D.L. v. United School Dist. No. 497, 392 F.3d 1223, 1228-29 (10th Cir. 2004). Thus, the dismissal should be entered without prejudice. See Wideman v. Colo., 242 Fed. App'x 611, 615 (10th Cir. 2007)(unpublished op.).

4

the right to file an objection to this Report and Recommendation with the Clerk of this Court by      December 20th, 2016, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this   30th   day of    November   , 2016.

*[signature]*

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE